IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WALTER G. LENARD and
RUSELL CHANEY                                                                    PLAINTIFFS

VERSUS                                         CIVIL ACTION NO.: 5:11-cv-120-DCB-JMR

CITY of YAZOO, MISSISSIPPI;
SUSIE BRADSHAW; JAMES POWELL;
STEVEN WALDRUP; ERICK SNOW;
LARRY DAVIS; CLIFTON TILLMAN;
RICHARD RODHMAN; and HARRELL STANSBERRY              DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court, *sua sponte*, to consider dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiffs filed this Complaint pursuant to 42 U.S.C. § 1983 on August 11, 2011. The named defendants in the Complaint are City of Yazoo, Mississippi; Susie Bradshaw; James Powell; Steven Waldrup; Erick Snow; Larry Davis; Clifton Tillman; Richard Rodhman and Harrell Stansberry. The plaintiffs filed a motion for service of process on June 25, 2012. [14.] In addition to the named defendants in the complaint, the plaintiffs seek to add Noreene Girrard; the Yazoo City Police Department; and the Bank of Yazoo as defendants in this case.

On September 26, 2007, a lawsuit styled *Walter G. Lenard v. State of Mississippi, MDOC, County of Yazoo, J. Windstat, William Martin, Steven Waldrup, Mike Smith and Noreene Girrard*, 5:06cv176 DCB-MTP was dismissed as barred by *Heck v. Humphrey*[1]. That suit was based on Lenard's arrest on May 25, 2006, for violating his probation. *Lenard v. State of Mississippi*, 5:06cv176DCB-MTP, Doc. 24, p. 2. He contended that he was falsely, maliciously

---

[1] 512 U.S. 477 (1994).

and intentionally arrested on a perjured warrant by Windstat and Martin, two of the defendants in the case, and that the other defendants, including Steven Waldrup and Noreene Girrard, were involved in a conspiracy which resulted in his revocation and imprisonment. (*Id.*)

According to the allegations of the complaint in this case, each defendant was sued for "their role in the false imprisonment of . . . Walter G. Lenard . . . who was arrested . . . on or about the 22nd day of May 2006." [1, p. 5.] Lenard contends that each defendant in this suit is sued for their role in violating the civil rights of the plaintiffs "by their actions and inactions when they conspired one with the other" to "deny plaintiffs access to the courts"; "obstruction of justice"; "false imprisonment"; conspiracy to deny the plaintiffs due process of law"; "deny plaintiffs equal protection of the law"; "subverting due process of the courts with perjury knowingly, willingly, intentionally given to stimulate the process of the courts"; and violation of the civil rights of the plaintiffs by employing hit man Ben Reed to murder [Lenard] and to imprison [Chaney]." [1, p. 4.] These same allegations formed the basis of the complaint in *Lenard v. State*, 5:06cv176DCB-MTP, as outlined by Lenard in a response filed in that case. [*Lenard v. State*, 5:06cv176DCB-MTP, Doc. 10].

A district court is authorized to conduct limited screening and to dismiss a fee-paid complaint, *sua sponte,* if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine,* 415 U.S. 528, 536–37 (1974)). In addition, district courts have "the right to take notice of [their] own files and records" in adjudicating cases between the same parties raising substantially similar issues as those addressed in previous cases. *Aloe Creme Labs., Inc. v. Francine Co.,* 425 F.2d 1295, 1296 (5th

Cir. 1970) (*per curiam*). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: "it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *United States v. Sioux Nation,* 448 U.S. 371, 432 (1980). In this case Lenard has brought suit for the identical claims raised in this case, including the assertion that Reed was allegedly hired to kill or harm Lenard. [1, p. 6.]

Generally, res judicata is an affirmative defense that must be pleaded, not raised *sua sponte.* FED.R.CIV.P. 8(c). There are two limited exceptions to this rule; the first exception allows "[d]ismissal by the court *sua sponte* on res judicata grounds . . . in the interest of judicial economy where both actions were brought before the same court." *Boone v. Kurtz,* 617 F.2d 435, 436 (5th Cir. 1980); *accord United Home Rentals, Inc. v. Tex. Real Estate Comm'n,* 716 F.2d 324, 330 (5th Cir. 1983). Both of these actions were brought in the same federal district court. In fact, these actions are "almost identical," differing only in the defendants' names and the fact that Richard Chaney is a named plaintiff in this case, although it is not clear from the complaint what claims he is advancing against the defendants.

The Plaintiffs had full and fair opportunity to raise the claims in the previous federal suit that are now raised before this Court. *See Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389 (5th Cir. 2001). The previous suit was found barred by the provisions of *Heck v. Humphrey* and the Court finds no reason not to apply the same principals to this case. Neither plaintiff in this case has shown that the conviction that formed the basis of this suit and the previous suit was overturned. The Court, therefore, recommends that both the principals outlined in *Heck v.*

*Humphrey* and res judicata bars the plaintiffs from relitigating the claims against the defendants in the present case. Accordingly, the Court recommends that all of plaintiffs' § 1983 claims be dismissed. Based on this finding the Court further recommends that the motion to serve process [14] be denied as moot.

## CONCLUSION

In summary, the Court recommends that Lenard and Chaney's claims should be dismissed for failing to first achieve favorable termination of available state or federal *habeas* opportunities challenging his underlying conviction. Alternatively, if the claims were not barred by *Heck*, this Court is of the opinion that res judicata bars consideration of the plaintiffs claims in this case. Therefore, the Court recommends that all claims against these Defendants should be dismissed with prejudice, both in their individual and official capacities. In addition, the Court recommends that the motion to serve process [14] be denied as moot.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than March 6, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by*

4

*statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to the plaintiffs at their last known addresses by certified mail, return receipt requested.

    THIS the 20th day of February, 2013.

                                                              s/ John M. Roper, Sr.
                                          CHIEF UNITED STATES MAGISTRATE JUDGE