```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

WALTER G. LENARD
and RUSELL CHANEY                                           PLAINTIFFS

VS.                            CIVIL ACTION NO. 5:11-cv-120(DCB)(JMR)

CITY OF YAZOO CITY, MISSISSIPPI, et al.                     DEFENDANTS

                                ORDER

This cause is before the Court on the Report and Recommendation of Chief Magistrate Judge John M. Roper **(docket entry 25)**, and on the Motion for Evidentiary Hearing / Motion for Summary Judgment filed by the plaintiffs Walter G. Lenard and Rusell Chaney **(docket entry 31)**. Having carefully considered same, and being fully advised in the premises, the Court finds as follows:

The plaintiffs filed their Complaint pursuant to 42 U.S.C. § 1983 on August 11, 2011. The defendants are City of Yazoo City, Mississippi; Susie Bradshaw; James Powell; Steven Waldrup; Erick Snow; Larry Davis; Clifton Tillman; Richard Rodhman and Harrell Stansberry. The plaintiffs filed a motion for service of process on June 25, 2012 (docket entry 14). On February 20, 2013, Magistrate Judge Roper filed his Report and Recommendation recommending that this action be dismissed <u>sua sponte</u> with prejudice. On March 14, 2013, the Court denied the plaintiffs' motion for service of process without prejudice in the event the

plaintiffs are allowed to proceed with this lawsuit.

On March 13, 2013, the plaintiffs filed a motion for extension of time to file their objections to the Report and Recommendation. The motion was granted; however, instead of objections the plaintiffs filed a Motion for Evidentiary Hearing / Motion for Summary Judgment (docket entry 31).

The Complaint in this action alleges that the defendants conspired to falsely accuse plaintiff Lenard of a crime and to have him murdered, and to have plaintiff Chaney imprisoned.  Since the Complaint is filed in federal court and seeks damages from state officials for violations of civil rights, the Court assumes that the plaintiffs are proceeding under 42 U.S.C. § 1983.  Section 1983 provides that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

In a Memorandum Opinion and Order filed September 18, 2012, (docket entry 19) this Court found that the plaintiffs had failed to furnish the Court with proof of service of process on any of the defendants.  On February 1, 2013, Magistrate Judge Roper entered an Order (docket entry 20) allowing the plaintiffs to amend their complaint to add defendants Hattie Williams, an alderman in Yazoo

City, and Noreen Garrard, a former Chancery Clerk of Yazoo County. The deadline for amending the complaint was March 1, 2013 (docket entry 20). To date, the plaintiffs have not amended their complaint.

On February 20, 2013, Magistrate Judge Roper entered his Report and Recommendation, finding that the plaintiffs also seek to add as defendants the Yazoo City Police Department and the Bank of Yazoo. In addition, the Report and Recommendation finds that plaintiff Lenard previously filed a lawsuit in this Court against Steven Waldrup, et al. (5:06-cv-176(DCB)(MTP)), which was dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), on September 26, 2007. That suit was based on Lenard's arrest on May 25, 2006, for violating his probation. Lenard contended that he was falsely, maliciously and intentionally arrested on a perjured warrant, and that Waldrup and Garrard, along with others, were involved in a conspiracy which resulted in his revocation and imprisonment.

In the present suit, the plaintiffs sue the defendants for "their role in the false imprisonment of" Lenard in May of 2006, and for their role in violating the civil rights of the plaintiffs "by their actions and inactions when they conspired one with the other" to "deny plaintiffs access to the courts;" "obstruction of justice;" "false imprisonment;" "conspiracy to deny the plaintiffs due process of law;" "deny plaintiffs equal protection of the law;" "subverting due process of the courts with perjury knowingly,

willingly, intentionally given to stimulate the process of the courts;" and "violation of the civil rights of the plaintiffs by employing hit man Ben Reed to murder [Lenard] and to imprison [Chaney]." Complaint, p. 4. These same allegations (as to Lenard) formed the basis of the complaint in Lenard v. State, 5:06-cv-176(DCB)(MTP).

Magistrate Judge Roper recommends sua sponte dismissal of plaintiff Lenard's claims pursuant to Boone v. Kurtz, 617 F.2d 435, 436 (5th Cir. 1980)(allowing "[d]ismissal by the court sua sponte on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same court"). Both the 2006 action and the present case were brought in the same federal district court. In addition, the two cases are almost identical, differing only in the defendants' names and the fact that Russell Chaney is a named plaintiff in the present action.

Lenard had a full and fair opportunity to raise his claims in the previous federal suit. That suit was found barred by Heck v. Humphrey, and the same principal applies in this case because Lenard has failed to show that the conviction that formed the basis of this suit and the previous suit was overturned.

The only allegations in the complaint concerning Chaney are that defendants Bradshaw and Stansberry conspired to prevent him from qualifying to run for mayor by altering the voter registration book (Complaint, pp. 3-4), that defendant Bradshaw refused to issue

4

service of process in a suit filed by Chaney in May of 2005 (id. at 5), and that all defendants employed a "hit man" to imprison Chaney. Id. at 4. Vague allegations of conspiracy are inadequate to raise a claim against the defendants. See Tapia-Oritz v. Winter, 185 F.3d 8, 11 (2nd Cir. 1999)(affirming a district court's sua sponte dismissal of a complaint filed against circuit judges because there had been no facts alleged to establish any conspiracy). Furthermore, such vague and conclusory allegations unsupported by material facts are not sufficient to state a claim under § 1983. Gutierrez v. Lynch, 826 F.2d 1534, 1539 (6th Cir. 1987).

Title 28 U.S.C. Section 1915 ("Proceedings in forma pauperis") provides, in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal -
>
>   (i) is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The statute accords judges the authority to dismiss a claim at any time, "based on an indisputably meritless legal theory," and also "the unusual power to pierce the veil of

5

the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "A district court may dismiss an in forma pauperis proceeding as frivolous ... whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir. 1991). In addition, a federal court "may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised in the pleadings on file." Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. Since both plaintiffs were granted in forma pauperis status, § 1915(e)(2) applies to this case.

Although the plaintiffs' pro se civil rights complaint is to be construed liberally and its well-pleaded allegations accepted as true, it "must set forth facts giving rise to a claim on which relief may be granted." Johnson v. Atkins, 999 F.2d 99, 100 (5th Cir. 1993). See also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(complaint must contain "enough facts to state a claim to relief that is plausible on its face"); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

6

inference that the defendant is liable for the misconduct alleged."). A district court may also <u>sua sponte</u> dismiss a complaint as frivolous on statute-of-limitations grounds, if it is clear from the face of the complaint that the claims are time-barred. <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994). Here, the events that form the basis of the plaintiffs' complaint occurred in late 2005 or early 2006. In § 1983 suits, the federal court borrows the forum state's general or residual personal injury limitations period, which in Mississippi is three years. See <u>Gartrell v. Gaylor</u>, 981 F.2d 254 (5th Cir. 1993); Miss. Code Ann. § 15-1-49. Thus, the complaint must also be dismissed for failure to state a claim and on statute of limitations grounds. The plaintiffs' motion for evidentiary hearing / motion for summary judgment shall also be denied.

Since this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), it will be counted as a "strike" as to both plaintiffs. When a plaintiff receives "three strikes," he will be denied <u>in forma pauperis</u> status and will be required to pay the full filing fee to file a civil action or appeal.

Pursuant to 28 U.S.C. § 1915(g), plaintiff Lenard has already accrued one strike against him for filing frivolous actions. See <u>Lenard v. Mississippi</u>, 2007 WL 2873140 (S.D. Miss. Sep. 26, 2007) (5:06-cv-176(DCB)(MTP)). Lenard is warned that if he accumulates a third strike, then he may not proceed IFP in any civil action or

7

appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

As for plaintiff Chaney, this is his first strike. He is likewise warned that if he accumulates three strikes, then he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of Chief Magistrate Judge John M. Roper **(docket entry 25)** is hereby ADOPTED as the findings of this Court, and this action shall be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2);

FURTHER ORDERED that the Motion for Evidentiary Hearing / Motion for Summary Judgment filed by the plaintiffs Walter G. Lenard and Rusell Chaney **(docket entry 31)** is DENIED;

FURTHER ORDERED that the dismissal of this action with prejudice as frivolous under 28 U.S.C. § 1915(e)(2) will be counted as a "Strike" as to both plaintiffs.

A Final Judgment in accordance with this Memorandum Opinion and Order shall follow.

SO ORDERED, this the 9th day of August, 2013

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE